UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER L. JOHNSON,

    Plaintiff,

v.                                                         Case No. 1:20-cv-1223
                                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for supplement security income (SSI).

Plaintiff alleged a disability onset date of March 1, 2012. PageID.603. Plaintiff identified her disabling conditions as attention deficit hyperactivity disorder (ADHD), diabetes, nerve damage in left leg, nerve damage along bottom of the stomach, and a learning disability. PageID.184. She completed the 11th grade and had previous employment as a packer in a factory. PageID.185. Administrative law judge (ALJ) James F. Prothro reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 2, 2014. PageID.50-60. Plaintiff appealed the decision to this Court in *Heather Lynn Johnson v. Commissioner of Social Security*, 1:15-cv-1239. This Court reversed and remanded the ALJ's decision, concluding in pertinent part that "[o]n remand, the Commissioner is directed to re-evaluate the entire record to determine whether plaintiff's deficits in adaptive functioning meet the requirements of Listing 12.05C." PageID.695-

1

705. The Appeals Council remanded the matter to ALJ Michael S. Condon consistent with this Court's opinion and judgment. PageID.710-711. The matter was set for hearing on June 25, 2018. PageID.600.

> However, plaintiff did not appear at her hearing. As ALJ Condon explained:
>
> A Notice of Hearing advising the claimant of the time and place of the hearing was sent to the claimant on March 15, 2018 (Ex. 15B/1). On June 11, 2108, a Notice of Hearing – Important Reminder was sent to the claimant (Ex. 18B). The claimant failed to appear at the June 25, 2018 hearing, although Mr. Rinck was present. Pursuant to Social Security Administration policy, if an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing, dismissal is never appropriate; however, the Administrative Law Judge may determine that the claimant has constructively waived the right to appear at the hearing if: the representative is unable to locate the claimant, the Notice of Hearing was mailed to the claimant's last known address, and the contact procedures required by 20 CFR 416.1438, as described in HALLEX 1-2-3-20, have been followed (HALLEX I-2-4-25). The Notice of Hearing and Notice of Hearing - Important Reminder were mailed to the Claimant's last known address (Ex. 16B and 18B). Subsequently, on June 18, 2018, an updated address for the claimant was submitted (Ex. 17B). At the hearing, Mr. Rinck reported that prior to the hearing, he sent the claimant letters that were not being returned. He noted he spoke to the claimant and that she told him that she did not get the Notice of Hearing; however, he noted that he told her she had to be present at the hearing and that she seemed agreeable to this. He stated that he looked for her in the building and that he called her, but indicated he was unable to locate her and that her voicemail was full. He reported his office has not heard from her. After the hearing, the undersigned mailed a Notice to Show Cause for Failure to Appear to the claimant to the address provided on June 18, 2018 (Ex. 19B). The claimant did not respond to the Notice to Show Cause for Failure to Appear. Accordingly, the undersigned has determined that the claimant has constructively waived her right to appear at the hearing and issues the following decision accordingly.

PageID.600.

Four individuals were present at the hearing: ALJ Condon; plaintiff's counsel; medical expert (ME) James Wargel, Ph.D.; and vocational expert (VE) Jessica Christensen. PageID.631-668. The ALJ noted that "[t]his is basically a case involving Listing 12.05." PageID.633. Plaintiff's counsel agreed to proceed with the evidence on that issue. *See*

PageID.631-636.  After the ALJ admitted the exhibits, both the ME and VE testified.  PageID.636-667.

After the hearing, ALJ Condon reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 1, 2018.  PageID.600-624.  The ALJ identified the issue on remand:

> Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to re-evaluate the entire record to determine whether the claimant's deficits in adaptive functioning meet the requirements of listing 12.05 (Ex. 6A/8 and 9A/3).

PageID.601.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence.  *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional

4

capacity (determined at step four) and vocational profile." *Id*. If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since her application date of March 5, 2012. PageID.603. At the second step, the ALJ found that plaintiff had severe impairments of borderline intellectual functioning, ADHD, status-post surgery for removal of benign abdominal mass, and diabetes mellitus. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.604. In reaching this determination, the ALJ gave specific consideration to Listings 12.05 and 12.11. PageID.604-608.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; sit for up to 6 hours total; stand and/or walk for up to 6 hours total in an 8-hour workday; can frequently balance, stoop, kneel, crouch, and crawl; can frequently climb ramps and stairs, but no climbing of ladders, ropes, or scaffolds; limited to doing simple routine and repetitive work that involves making simple work related decisions and tolerating only occasional workplace changes

5

>that are gradually introduced with proper training and adjustment time allowed before making any workplace changes; jobs also have to be of the kind that can be learned by demonstration only; can have only brief, superficial contact with the public and occasional contact with coworkers and supervisors; could work side-by-side with coworkers, but not doing tandem tasks and no joint decisionmaking as part of job duties; and limited to doing low stress jobs or work with no high speed jobs or fast paced work, which would include things like production line work or where others rely on her to perform their role down the line.

PageID.56. The ALJ also found that plaintiff has no past relevant work. PageID.622.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level. PageID.623-624. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light work in the national economy such as a garment sorter (55,000 jobs), a sorter of agricultural produce (53,000 jobs), and a folder (52,000 jobs). PageID.623-624. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 5, 2012 (the date the application was filed) through August 1, 2018 (the date of the decision). PageID.600-624.

### III.   DISCUSSION

Plaintiff raises three errors on appeal.

**A.   The ALJ committed reversible error by failing to find that plaintiff met Medical Listing 12.05C and by failing to apply its standards in this case.**

In its March 27, 2017 opinion, this Court found that the ALJ failed to properly evaluate plaintiff's condition under Listing 12.05, specifically 12.05C:

>The listing at issue, Listing 12.05C, provides in pertinent part as follows:
>
>>12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>>The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . .

> > C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]
>
> 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.05.
>
> Thus, "[t]o meet the requirements of listing 12.05C, a claimant must show: (1) the claimant experiences significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period (i.e., before the age of twenty-two); (2) the claimant has a verbal, performance, or full scale IQ of 60 through 70; and (3) the claimant suffers from a physical or other mental impairment imposing an additional and significant work-related limitation on function." *Turner v. Commissioner of Social Security*, 381 Fed. Appx. 488, 491 (6th Cir. 2010).

*Johnson v. Commissioner of Social Security*, No. 1:15-cv-1239, 2017 WL 1130024 at *3 (W.D. Mich. March 27, 2017).  This Court concluded that based on the record, the only matter at issue under Listing 12.05C "is whether plaintiff has deficits in adaptive functioning which initially manifested before age 22." *Id*. at *4.  The Court observed that "plaintiff had significant deficits which were identified when she was in grade school and persisted throughout high school" and that the ALJ's conclusion that there was "a reduction in capacity that could be related to further life experience" is not supported by substantial evidence.  *Id*.  Accordingly, the Court reversed and remanded the decision pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to "re-evaluate the entire record to determine whether plaintiff's deficits in adaptive functioning meet the requirements of Listing 12.05C."  *Id*.

However, as explained below, the requirements for Listing 12.05 had changed and Listing 12.05C did not apply on remand.  As an initial matter, plaintiff asks this Court to apply the rescinded Listing 12.05C.  Defendant points out that the Court must apply the new requirements as set out in ALJ Condon's decision:

7

> As noted at the outset, the version of § 12.05 applied by the ALJ in the 2018 decision is different from the one applied by the ALJ in the previous, now vacated, hearing decision from 2014 (PageID.53-54, 604-605). Effective January 17, 2017, SSA issued a new version of §12.05. *See* 81 Revised Medical Criteria for Evaluating Mental Disorders, Fed. Reg. 66138 (Sept. 26, 2016) ("These rules are effective January 17, 2017."). Despite Plaintiff's preference for the rescinded Listing 12.05 requirements, the new rules apply to any pending decision undergoing adjudication as of the effective date. *Id*. Meaning, "[i]f a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand." *Id*. at n.1. At the time the Court issued its remand order on March 27, 2017, the post-January 17, 2017 rules had already taken effect (PageID.695-705). Consequently, the ALJ was required to apply the new rules to the entire period at issue.

Defendant's Brief (ECF No. 26, PageID.925). Defendant has correctly pointed out that the new version of Listing 12.05 applies to plaintiff's application. Accordingly, plaintiff's claim that the Commissioner failed to apply the rescinded Listing 12.05C is denied.

The relevant Listing 12.05 provides as follows:

**12.05 Intellectual disorder (see 12.00B4), satisfied by A or B:**

A. Satisfied by 1, 2, and 3 (see 12.00H):

> 1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and
>
> 2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

OR

B. Satisfied by 1, 2, and 3 (see 12.00H):

> 1. Significantly subaverage general intellectual functioning evidenced by a or b:

8

>> a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>
>> b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
>
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>> a. Understand, remember, or apply information (see 12.00E1); or
>>
>> b. Interact with others (see 12.00E2); or
>>
>> c. Concentrate, persist, or maintain pace (see 12.00E3); or
>>
>> d. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.05.

On remand, ALJ Condon evaluated plaintiff's claim through each step of Listing 12.05 (as well as Listing 12.11 "Neurodevelopmental disorders") and concluded that plaintiff did not meet either of the listings. PageID.604-608. To the extent that plaintiff claims that she meets the new Listing 12.05, her claim fails. "When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Social Security Administration*, 93 Fed. Appx. 725,

728 (6th Cir 2004). Here, plaintiff has failed to meet her burden. In this regard, plaintiff does not go through the elements of either Listing12.05A or 12.05B to demonstrate that she meets all of the requirements of the listing. Accordingly, plaintiff's claim of error is denied.

>  **B. The ALJ committed reversible error by making improper evidentiary and credibility determinations.**

As an initial matter, while plaintiff refers to the ALJ's improper credibility determinations, the term "credibility" has been eliminated from Social Security Administration (SSA) policy. *See* SSR 16-3p, 2017 WL 5180304 at *2 ("we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term"). Plaintiff appears to argue that ALJ Conlon unnecessarily addressed certain matters when concluding that "the record as a whole does not corroborate the claimant's reported degree of limitation resulting from her impairments." PageID.615. Plaintiff objects to the ALJ's characterization of the type of medical treatment which she received.[1] Plaintiff also objects to the ALJ's statement regarding her failure to obtain medical treatment, *i.e.*, that while plaintiff "reported her treatment has been limited due to lack of insurance coverage and financial limitations," she spent money on marijuana and cigarettes.[2]

---

[1] *See* Plaintiff's Brief (ECF No. 20, PageID.887):

"To reference the credibility argument above, the ALJ found the Record did not corroborate the claimant's reported degree of limitations because during October 2011, she had denied a history of psychiatric conditions (PageID.615), and because, during the next year, she had not reported problems with the number of issues such as bending, reaching, hand usage, and getting along with other persons (PageID.615). The ALJ claimed that the objective filings revealed [] relatively unremarkable or mild clinical examinations findings as it compared frequency and severity of symptoms reported by the claimant and that Plaintiff 'has not generally received the type of medical treatment one would expect based on the level of limitation alleged by the claimant, such that recent treatment is generally been conservative' (PageID.616). In a case where the issue is whether Plaintiff meets a listing, those factors are completely irrelevant."

[2] In this regard, the ALJ stated at PageID.617,

"The undersigned considered the claimant's lack of insurance coverage and financial difficulty affording treatment. However, the undersigned notes that there is no evidence that the claimant has pursued any low-income health care options (Ex. lF-1F). Additionally, there is some indication the claimant spent money for other purposes. For example, in September 2012, she reported using marijuana two to three times a week, but did not indicate that she had a medical

The gist of plaintiff's claim appears to be that these findings were unnecessary and not relevant because she satisfied the requirements of Listing 12.05C, which required only that the a claimant provide evidence of "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" As discussed, Listing 12.05C no longer exists and that listing was not before ALJ Condon. In order to re-evaluate plaintiff's disability claim on remand, the ALJ properly performed a new five step analysis of the claim. The ALJ's decision is legally sound and supported by substantial evidence. Accordingly, this claim of error is denied.

> **C. The Appointment of Andrew Saul as a single commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul.**

Finally, plaintiff has raised an argument claiming that the Social Security Administration's structure "is constitutionally invalid as it violates the separation of powers doctrine by interfering with the President's authority to supervise and remove executive branch Officials." Plaintiff's Brief at PageID.888. Plaintiff's claim is without merit. In rejecting a similar argument, one court explained:

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other

---

marijuana card (Ex. 3F/4). Although she noted she had reduced her use of cigarettes, the claimant also reported ongoing, daily use of cigarettes (Ex. 12B/18 and l0F/2; See also Ex. 1F-2F; 5F; and 10F)."

responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-00331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021) (footnote omitted). Plaintiff has offered no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of her applications for benefits. Accordingly, this claim of error is denied.

## IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.


Dated: September 22, 2022          /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge